## 71643. MORTIMER v. THE STATE.

(340 SE2d 649)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of driving while under the in-

fluence of alcohol and driving on the left side of the road in violation of OCGA § 40-6-40 (a). *Held*:

1. Upon the close of the State's evidence defendant made his motion "to dismiss." Defendant's motion was predicated upon the contention that there was no probable cause for defendant's arrest. We note that there was no objection at trial to the admission of any evidence (such as intoximeter results) acquired by the State due to the arrest. The defendant's motion is predicated solely upon his allegation that his arrest was effected in the absence of probable cause. "Assuming, without deciding, that [defendant's] arrest was illegal, the United States Supreme Court has held that an illegal arrest, without more, is not a bar to a subsequent prosecution, nor a defense to a valid conviction. *United States v. Crews*, 445 U. S. 463, 474 (100 SC 1244, 63 LE2d 537) (1980) . . ." *Hamby v. State*, 173 Ga. App. 750 (1) (328 SE2d 224).

2. On direct examination defendant was testifying, in regard to the intoximeter test he had taken subsequent to his arrest in the case sub judice, when he responded negatively to the inquiry, "Did you ever take a breathalizer test before?" On cross-examination the prosecuting attorney made several inquiries as to whether defendant had taken a "breath test" on previous occasions. Defendant's answers established that on a previous occasion he "blew up a balloon . . ." No objection was made at the time of the question and answer. Later, the motion for mistrial was made and defendant enumerates as error the denial of that motion.

"We reject this enumeration upon either of two grounds. By failing to make a timely objection, [defendant] has waived any objection that might have been made. *Burt v. State*, 156 Ga. App. 127, 128 (3) (274 SE2d 124). Moreover, a mistrial will not lie where evidence is admitted without objection (*McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173)) and a motion for mistrial not made contemporaneously with the alleged misconduct makes the motion not timely. *Favors v. State*, 145 Ga. App. 864, 867 (4) (244 SE2d 902)." *Bennett v. State*, 165 Ga. App. 600, 601 (3) (302 SE2d 367).

3. Defendant's final enumeration of error raises the sufficiency of the evidence to authorize defendant's conviction of driving while under the influence of alcohol. No issue is raised as to the sufficiency of the evidence in regard to the offense of violation of OCGA § 40-6-40 (a) (driving on the left side of the road). The State's evidence is that defendant was observed to be weaving (across the lane marker lines or centerline) several times. When stopped, defendant's breath smelled of alcohol, his eyes were bloodshot and he was unsteady on his feet. Defendant failed certain field sobriety tests. (Defendant could not recite the alphabet, touch his nose or walk a straight line steadily.) The arresting officer testified, based upon his experience

and observation of defendant, that defendant was unable to drive safely. An intoximeter test indicated the alcohol content of defendant's blood as .10 grams percent. We find that the evidence presented at trial was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offense of driving while under the influence of alcohol. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Fredericks v. State*, 176 Ga. App. 40, 41 (1) (335 SE2d 154).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED FEBRUARY 5, 1986. —

*Ronald C. Harrison*, for appellant.

*James L. Webb, Solicitor, Donald C. English, Norman F. Miller, Assistant Solicitors*, for appellee.