## A89A0315. BROWN v. THE STATE.
(383 SE2d 170)

CARLEY, Chief Judge.

After appellant was indicted for possession of cocaine, he filed a pre-trial motion to suppress. The trial court denied the motion but certified its order for immediate review. Appellant's application for an interlocutory appeal from the denial of his motion to suppress was granted by this court.

The evidence, when construed most favorably for the State, is as follows: Appellant arrived at Hartsfield International Airport for a flight to California. While waiting for his flight, he attracted the attention of officers simply because he appeared to them to be "affluent." Although they had neither probable cause nor an articulable suspicion to believe that appellant was carrying contraband, the officers decided to question him. Appellant freely consented to the officers' request to conduct a search of the bag that he was carrying. This search revealed a large amount of cash, but no contraband. Appellant's explanation was that he owned a store and needed the cash to purchase merchandise while in California. The officers nevertheless informed appellant that they were seizing his bag and cash pending their further investigation. The officers told appellant that he could either accept an immediate receipt for the "approximate" amount of the cash or he could accompany them to their office and obtain a receipt for the exact amount. Appellant accompanied the officers. Upon arrival at their office, the officers did not immediately undertake to count the cash and provide appellant with a receipt. Instead, the time was employed in making telephone calls. The officers eventually determined that appellant was on probation for a drug-related offense. Shortly thereafter, one of the officers observed three small packets of what appeared to be cocaine in plain view on the floor near the chair where appellant was seated. This cocaine was seized and appellant was formally arrested. A subsequent search of his person revealed .4 grams of cocaine.

On this evidence, appellant moved to suppress the cocaine that had been found on his person, urging that its discovery was the product of his unlawful detention by the officers pending their return of

his property or their providing him with a receipt therefor. It was and is the State's contention that, prior to his formal arrest, appellant had never been placed in detention. According to the State, appellant had voluntarily agreed to accompany the officers who, upon their discovery of the cocaine on the floor of their office, had probable cause to arrest him and search his person. Accordingly, the issue presented for resolution is whether, prior to his formal arrest, appellant had been subjected to an unlawful detention by the officers or whether appellant had voluntarily subjected himself to the encounter with them.

Regardless of the officers' justification for their initial approach of appellant, that original confrontation clearly resulted in an unlawful seizure of appellant's bag and cash. After the consent search of appellant's bag had revealed no contraband, he should have been allowed to leave with his property because the officers had absolutely no probable cause or articulable suspicion to seize it. "We refuse to permit the [S]tate to bootstrap the presence of a large amount of cash in [appellant's bag] as a bolster for probable cause [or articulable suspicion justifying a seizure]." *State v. Smith*, 164 Ga. App. 142, 147 (2) (296 SE2d 141) (1982). Thus, appellant's purported "voluntary" act of accompanying the officers for the ostensible purpose of receiving a receipt was the product of an unlawful seizure of his belongings. The State urges that it was not appellant's person which was seized and that he was voluntarily present in their office when the cocaine was discovered on the floor in close proximity to him. The Supreme Court of the United States, however, has recognized that the seizure of one's property from his immediate presence is the functional equivalent of the seizure of his person. " 'At least when the authorities do not make it absolutely clear how they plan to reunite the suspect and his possessions at some future time and place, seizure of the object is tantamount to seizure of the person. This is because that person must either remain on the scene or else seemingly surrender his effects permanently to the police.' [Cit.]" *United States v. Place*, 462 U. S. 696, 708 (III), fn. 8 (103 SC 2637, 77 LE2d 110) (1983). Accordingly, at least until such time as the officers had made it "absolutely clear" to appellant how they intended to reunite him with his bag and cash, their unlawful seizure of his property was tantamount to an unlawful seizure of his person. An offer to give appellant an immediate receipt for the "approximate" amount of the cash would hardly suffice to make its future return "absolutely clear" to him. Thus, in accompanying the officers to obtain the promised receipt for the exact amount of the cash, appellant was not making a "voluntary" choice but was acquiescing in the officers' unlawful seizure of both his property *and* his person.

It follows that the trial court erred in failing to grant appellant's motion to suppress. The search of appellant's person was not con-

ducted pursuant to his lawful formal arrest. Appellant's formal arrest was unlawful because it was the product of the prior unauthorized seizure of his property and his person without probable cause. See generally *Bowers v. State*, 151 Ga. App. 46 (258 SE2d 623) (1979), aff'd 245 Ga. 367 (265 SE2d 57) (1980); *Hill v. State*, 140 Ga. App. 121, 122 (1) (230 SE2d 336) (1976); *Kelly v. State*, 129 Ga. App. 131, 133 (2) (198 SE2d 910) (1973). "If the exclusionary rule invoked here for suppression of evidence is to act as a deterrent to illegal law enforcement practices ([cit.]), it must be applied to the factual predicate of the instant case or the converse rule will emerge. That is, if illegal detention for an extended period of time, without prior probable cause, is not sufficient to exclude evidence obtained thereby, then police officers have been judicially licensed to illegally detain suspects, without probable cause, for extended periods of time, until the will of the suspect succumbs to the coercive effect of illegal police action. This court can not countenance illegal acts even though they achieve desired civic solutions." *Radowick v. State*, 145 Ga. App. 231, 242 (4) (244 SE2d 346) (1978).

Our holding is necessarily limited to the cocaine that was discovered on appellant's person after his formal arrest. At the outset of the hearing on the motion to suppress, appellant stipulated that he was not contesting the admissibility of the cocaine which was found on the floor near his chair.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 2, 1989.

*Joseph A. Maccione*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.