A89A1506. EVANS et al. v. THE STATE.
(386 SE2d 712)

BANKE, Presiding Judge.

The appellants, Randall G. and Stevie D. Evans, were jointly tried and convicted of burglary and were sentenced as recidivists to 20 years' imprisonment. They appeal from the denial of their joint motion for new trial.

At approximately 11:50 p.m. on August 19, 1988, Sgt. Strickland of the Hall County Sheriff's Department was dispatched to investigate a burglary which had been reported at the Calvary Temple Open Bible Church in Hall County. Approximately three minutes later, while en route to the church, he observed the appellants walking alongside the highway carrying what appeared to him to be a "large radio cassette player" and a metal detector. Sgt. Strickland testified that the location where this occurred was only a five-to-ten minute walk from the church. As he passed the appellants, he applied his brakes, and they immediately fled towards some nearby railroad tracks, throwing the equipment they were carrying into the weeds as they did so. Sgt. Strickland pursued the men in his vehicle and was able to apprehend appellant Randall Evans almost immediately. Appellant Stevie Evans was found hiding inside a nearby culvert about an hour later and was arrested at that time. In the interim, a Yamaha keyboard, a microphone, and a metal detector were recovered from the weeds into which the appellants had been observed throwing the equipment they were carrying. These items were identified at trial as having been taken from inside the church building.

Rejecting offers of appointed counsel, the appellants insisted upon representing themselves at trial. They agreed, however, to allow an appointed counsel to sit behind them at trial for the purpose of providing such assistance as they might request. *Held*:

1. The evidence of the appellants' guilt may fairly be character-

ized as overwhelming. At the very least, it was sufficient to enable a rational trier of fact to find them guilty beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellants contend that they were not properly cautioned of the dangers of proceeding to trial without counsel. " 'The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' " *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981), quoting *Johnson v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE 1461) (1937). The record in the case before us reveals that both appellants had acquired familiarity with the operation of the criminal justice process through prior felony convictions. While representing themselves in the present case, they sought and obtained pre-trial discovery and filed numerous other pre-trial motions, including motions to suppress and to dismiss, motions challenging the array of grand jurors, motions to quash subpoenas, and a plea in bar based on a double-jeopardy argument. During the trial, they conducted extensive cross-examination of the state's witnesses, made numerous objections, presented six witnesses of their own, and introduced 14 exhibits. The counsel appointed to assist the appellants testified at a post-trial hearing that he had gone to the jail on two occasions prior to trial to discuss their case with them. He stated that he had told them "that they needed to be represented, that it was an absolute suicidal type of thing to go and conduct a trial without any knowledge of the rules of evidence or what was being done," but that they had insisted on representing themselves, telling him "that they did not trust me or any attorney."

In *Clarke v. Zant*, supra, the Georgia Supreme Court recognized the dilemma facing a trial judge when an accused insists on representing himself. If the accused is allowed to proceed pro se, he may later charge that his waiver of counsel was not intelligent and voluntary; and if he is not permitted to proceed pro se, he may later charge that appointed counsel was forced upon him against his will in violation of his constitutional right to represent himself. Id. 247 Ga. at 197. On the basis of the appellants' demonstrated familiarity with criminal procedure and the efforts made by their appointed "advisory" counsel to dissuade them from representing themselves at trial, we have no hesitation in holding that, at least in the sense that they were aware of their right to be represented by counsel and of the dangers of proceeding without such representation, their decision to represent themselves was intelligent as well as voluntary. Accordingly, we find this enumeration of error to be without merit.

3. Since the appellants chose to represent themselves at all stages

of the proceedings in the trial court, they are in no position to complain that they were provided inadequate assistance by the counsel appointed to assist them during the trial of the case. See *Mullins v. Lavoie*, 249 Ga. 411 (290 SE2d 472) (1982); *Tucker v. State*, 173 Ga. App. 742 (2) (327 SE2d 852) (1985); *Wallis v. State*, 170 Ga. App. 354 (2) (317 SE2d 331) (1984).

4. The appellants contend that the trial court erred in allowing the state to introduce evidence concerning a prior burglary which had been committed by Randall Evans several years earlier. The modus operandi of the prior burglary was similar to the burglary for which the appellants were on trial in that access to the building had been gained in each instance through a rear window at a time when the structure was not occupied. Also, the appellant had been accompanied by an accomplice in both instances and had attempted on both occasions to flee on foot upon being confronted during or immediately after the burglary. Accordingly, the trial court did not abuse its discretion in concluding that the offenses were sufficiently similar to render evidence of the prior burglary admissible on the issue of whether appellant Randall Evans had participated in the offense for which he was on trial. Accord *Watkins v. State*, 187 Ga. App. 108 (369 SE2d 356) (1988); *Nelson v. State*, 181 Ga. App. 481 (2) (352 SE2d 804) (1987); *Scott v. State*, 162 Ga. App. 541 (1) (292 SE2d 125) (1982).

5. We reject any contention by appellant Stevie Evans that, because there was no evidence that he had been a party to the prior burglary, the admission of the evidence concerning that offense was unduly prejudicial to him. "Being tried with a co-defendant who has prior convictions that are made known to the jury does not result in prejudice requiring reversal." *Givens v. State*, 184 Ga. App. 498, 499 (1) (361 SE2d 830) (1987).

6. Since a defendant has no Fourth Amendment rights with respect to discarded or abandoned property, the trial court did not err in denying the appellants' motion to suppress as evidence the stolen items which they had thrown into the weeds. See *State v. Howell*, 180 Ga. App. 449, 451 (349 SE2d 476) (1986); *Golden v. State*, 163 Ga. App. 519 (295 SE2d 333) (1982).

7. Probable cause clearly existed for the appellants' arrest. See *Moore v. State*, 155 Ga. App. 721 (1) (272 SE2d 575) (1980). Moreover, even had the arrest been unlawful, that would not, in and of itself, have operated as a defense or bar to the appellants' prosecution. See *Mortimer v. State*, 177 Ga. App. 679, 680 (1) (340 SE2d 649) (1986).

8. We have examined the appellants' remaining enumerations of error and have determined that they establish no ground for reversal.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 18, 1989.

*Daniel J. Sammons*, for appellant.
Stevie D. Evans, *pro se.*
Randall Evans, *pro se.*
*C. Andrew Fuller, District Attorney, W. M. Brownell, Jr., Assistant District Attorney*, for appellee.