## A90A1559. THE STATE v. BROWN.
### (401 SE2d 295)

BEASLEY, Judge.

The background of this case appears in *Brown v. State*, 191 Ga. App. 779 (383 SE2d 170) (1989), wherein this court reversed the denial of a motion to suppress cocaine found in defendant's pants pocket.

When the case was put on the trial calendar after appeal, defendant filed a combination motion to dismiss, plea in bar, and motion to suppress the cocaine found on the floor. His grounds were that the indictment did not charge the floor cocaine and that if it did, evidence of it must be suppressed because it came to the officers' attention only as a result of his illegal arrest. The trial court ruled that the

decision in *Brown*, supra, necessitated dismissal of the indictment and barring of prosecution because defendant was illegally seized, detained, and arrested. The State appeals.

The hearing on the original motion to suppress shows that there was some confusion about what cocaine the State intended to include in the indicted charge and what cocaine defendant intended to include in his motion to suppress evidence. Defendant's counsel indicated he thought defendant was only charged with the cocaine found on his person. The State indicated it thought defendant sought to suppress evidence of the cocaine found near the chair, concerning which the State's position was that he lacked standing to contest its seizure because he disowned it. For whatever reason, and it is not clear that defendant understood that the indictment embraced the cocaine on the floor, he agreed to proceed with the hearing confined to the cocaine seized from his person. However, he added: "And if that is suppressed from the evidence, I'm sure that the whole thing will be suppressed, because I think that we can prove that the stop — there was no probable cause to stop him to begin with."

Thus he did challenge that floor cocaine evidence, and the trial court was correct when it, in effect, suppressed it. We have already decided that defendant had been unlawfully "seized" and was being unlawfully detained when the floor cocaine was discovered. *Brown v. State*, supra. The agent suspected that he might try to hide drugs away from his person and cautioned another agent to go back into the room where defendant was sitting and not to leave defendant alone. The cocaine was seen near defendant's feet when the agent returned to the room.

Its seizure from plain view resulted from the unlawful arrest and cannot be extricated from it. Seeing the floor cocaine "was the product of the prior unauthorized seizure of . . . his person without probable cause," in the words of our previous decision, *Brown*, supra at 781. It was "obtained thereby" so must be excluded. *Radowick v. State*, 145 Ga. App. 231, 242 (4) (244 SE2d 346) (1978). The evidence falls to what has again been recently articulated by the United States Supreme Court in *New York v. Harris*, 58 USLW 4457, 4458 (April 18, 1990), "the familiar proposition that the indirect fruits of an illegal search or arrest should be suppressed when they bear a significantly close relationship to the underlying illegality. See also *Wong Sun v. United States*, 371 U. S. 471 (1963)." Cf. *State v. Lyons*, 167 Ga. App. 747 (307 SE2d 285) (1983); *Phillips v. State*, 167 Ga. App. 260, 261 (305 SE2d 918) (1983).

When the officer saw the cocaine, he was not "entitled to be in such a vantage point," *Lyons*, supra at 749; his vantage point was unlawful because it was unconstitutionally achieved by holding defendant in a place he did not choose to be. Since what the officers took

from defendant's person by searching it was tainted by the unlawful custody, it follows ineluctably that what they took from his immediate custodial presence was also tainted by the unlawfulness of that custody. See *Florida v. Royer*, 460 U. S. 491 (103 SC 1319, 75 LE2d 229) (1983); *Johnson v. State*, 111 Ga. App. 298, 309 (141 SE2d 574) (1965).

An unlawful arrest or seizure does not bar a criminal prosecution. *Lackey v. State*, 246 Ga. 331, 333 (2) (271 SE2d 478) (1980); *Mortimer v. State*, 177 Ga. App. 679, 680 (1) (340 SE2d 649) (1986); *Thompson v. State*, 175 Ga. App. 645, 648 (3) (334 SE2d 312) (1985). Neither does suppression of evidence. See, e.g., the concluding paragraph in *Brown*, supra at 781. The trial court was correct when it in effect granted the motion to suppress the evidence of the cocaine discovered on the floor. However, and recognizing that suppression here eliminates the State's key evidence, the trial court erred when it went beyond suppression and actually barred prosecution and dismissed the indictment.[1]

*Judgment affirmed in part and reversed in part. Carley, C. J., McMurray, P. J., Banke, P. J., Sognier, Pope and Cooper, JJ., concur. Deen, P. J., and Birdsong, J., dissent.*

DEEN, Presiding Judge, dissenting.

I must respectfully dissent.

An unlawful arrest or seizure does not bar a criminal prosecution. *Lackey v. State*, 246 Ga. 331, 333 (271 SE2d 478) (1980); *Mortimer v. State*, 177 Ga. App. 679, 680 (340 SE2d 649) (1986); *Thompson v. State*, 175 Ga. App. 645, 648 (334 SE2d 312) (1985). The trial court therefore was not authorized to dismiss the indictment because of the defendant's wrongful detention, seizure, and arrest at the airport.

Appellee argues that his motion to dismiss was properly granted because he was being prosecuted for something new, in that the indictment in question did not pertain to the cocaine found near the chair where he was sitting when he was detained at the airport. I must disagree. There was only one indictment, and it charged him with possession of cocaine. It did not specify that he was being charged only with possession of the cocaine found on his person as opposed to the cocaine found on the chair near where he was seated. Both quantities of cocaine were seized at the same time, and he was charged with possession of both packages. The cocaine found on his person was ordered suppressed by this court in *Brown v. State*, 191 Ga. App. 779 (383 SE2d 170) (1989). That case specifically points out that appellant stipulated at the suppression hearing that he was not

---

[1] The State can appeal from both suppression of evidence and dismissal of indictment. OCGA § 5-7-1 (1) and (4).

contesting the admissibility of the cocaine found near his chair. As the defendant did not contest the admissibility of this evidence and the indictment merely charged him with possession, rather than a specific type of possession, he can be tried on this charge.

Accordingly, the judgment of the trial court should be reversed.

I am authorized to state that Judge Birdsong joins in this dissent.

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 20, 1990 —

Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney, for appellant.

Joseph A. Maccione, for appellee.

