A91A2019. THE STATE v. BROWN.
(412 SE2d 583)

BIRDSONG, Presiding Judge.

The State has appealed as authorized by OCGA § 5-7-1; this is the third time this case has come before this court. The sole enumeration is that the trial court erred in granting the motion of appellee/defendant, Cordell Brown, to suppress certain evidence, because appellee lacked "standing" to contest the seizure of contraband found on the police station floor.

The pertinent facts of this case are reported in *Brown v. State*, 191 Ga. App. 779 (383 SE2d 170), wherein a panel of this court reversed the ruling of the trial court denying Cordell Brown's motion to suppress certain cocaine found on his person after he had been placed in an unlawful arrest status. In so ruling, the court held, "[Cordell Brown's] formal arrest was unlawful because it was the product of the prior unauthorized seizure of his property and his person without probable cause." Id. at 781. No appeal was taken of this decision.

In the whole court case of *State v. Brown*, 198 Ga. App. 239 (401 SE2d 295), cert. denied, the State appealed the subsequent ruling of the trial court dismissing the indictment against defendant and barring prosecution on the grounds defendant was illegally seized, detained, and arrested. Id. at 239-240. The majority held that although the trial court erred when it actually barred prosecution and dismissed the indictment, it ruled correctly "when it in effect granted the motion to suppress the evidence of the cocaine discovered on the floor [of the office where appellant was being illegally detained]." Id. at 241. In the panel case of *Brown v. State*, supra at 781, it was observed that at the hearing on the motion to suppress "appellant stipulated that he was not *contesting* the admissibility of the cocaine which was found on the floor near his chair. (Emphasis supplied.)

However, in the case of *State v. Brown*, supra, when called upon to address the issue, the majority of our court concluded that Cordell Brown did, in fact, *"challenge* [the] floor cocaine evidence, and the trial court was correct when it, in effect, suppressed it," and held "[t]he trial court was *correct* when it in effect granted the motion to suppress the evidence of the cocaine discovered on the floor." (Emphasis supplied.) Id. at 240-241. (We find no discrepancy exists, as implied by the State, between our court's findings that appellee has not "contested" but has "challenged" the floor cocaine evidence; but assuming arguendo, a discrepancy had occurred, the ruling in our whole court opinion would control. OCGA § 15-3-1 (d)). Additionally, in *State v. Brown*, supra at 240, the majority observed that during the hearing on the original motion to suppress and in contesting the suppression motion, the State had asserted, apparently as part of its trial tactics, the following: "The State indicated it thought defendant sought to suppress evidence of the cocaine found near the chair, concerning which the State's position was that he *lacked standing to contest its seizure because he disowned it.*" (Emphasis supplied.) The State elected to petition the Supreme Court for writ of certiorari of *State v. Brown*, supra, but certiorari was denied.

We now proceed to review the State's enumeration of error in view of the appellate posture above discussed. *Held*:

1. Judicial notice is taken of the record and all attachments thereto on file with this court in the case of *State v. Brown*, supra. *Rogers v. State*, 195 Ga. App. 446 (1) (394 SE2d 116).

2. Pretermitting the issue of whether appellee lacked standing to contest the legality of the seizure of the cocaine on the floor is the fact that a majority of our court in *State v. Brown*, supra at 241, held: "The trial court was correct when it in effect granted the motion to suppress the evidence of the cocaine discovered on the floor," (hereafter all cocaine referred to in this opinion will refer to the cocaine found on the floor and will simply be referred to as cocaine) and in reaching this holding concluded, the seizure of the cocaine "from plain view resulted from the unlawful arrest and cannot be extricated from it." Id. at 240. Moreover, in *State v. Brown*, supra, the majority reaffirmed and adopted, by express favorable reference, the holding in *Brown v. State*, supra, that, "defendant [Cordell Brown] had been unlawfully 'seized' and was being unlawfully detained when the cocaine was discovered." *State v. Brown*, supra. Thus, it was concluded in *State v. Brown*, supra at 241, that the cocaine was "tainted by the unlawfulness of [defendant Cordell Brown's] custody." The State did not appeal *Brown v. State*, supra, and unsuccessfully attempted to entice the Supreme Court to overturn the ruling in *State v. Brown*, supra; accordingly, *our holdings in both of these cases were binding on the superior court.* "The decisions of the Court of Appeals insofar

as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents." Ga. Const. of 1983, Art. VI, Sec. V, Par. III; see also OCGA § 9-11-60 (h). In *Lackey v. State*, 246 Ga. 331, 333 (2) (271 SE2d 478), it was held that "the sanction for an unconstitutional search is exclusion of the evidence obtained as a result of that search. Similarly, the *sanction* for an unconstitutional arrest is exclusion of the evidence obtained as a result of that arrest." (Emphasis supplied.) See *DiSanti v. State*, 190 Ga. App. 331, 335 (378 SE2d 729). As this court had, by virtue of its decisions above discussed, determined that an unconstitutional arrest occurred and that the cocaine resulted from and was tainted by that arrest, the superior court was required to follow the law and impose *sanction*; it thus could not admit the evidence of the cocaine, regardless of defendant Cordell Brown's own standing or lack thereof to contest the legality of the seizure.

3. Further, the State's reliance on *Young v. State*, 187 Ga. App. 161 (369 SE2d 772) and *Bassett v. State*, 181 Ga. App. 597 (353 SE2d 48) is misplaced. In *Young*, supra at 163-164, we concluded that the stop and investigation were not intrusive or coercive, appellant was not seized or restrained until he was arrested, and appellant's subsequent arrest after the bag was found to contain cocaine was based on probable cause. In *Bassett*, supra at 599, we concluded that the facts disclosed a valid police-citizen encounter followed by appellant's consent to search his person although not the bag in his possession. Thus, the controlling legal issue in both these cases, after appellant failed to assert a *property right* in the item being searched or seized, involved appellant's lack of a legitimate expectation of privacy in the *area* where the *property* being seized was discovered, which resulted in a so-called lack of "standing" to contest the legality of the search and seizure (compare *Rakas v. Illinois*, 439 U. S. 128 (99 SC 421, 58 LE2d 387)). In the case at bar, however, entirely different facts and entirely different legal issues confront us. In this case, it has been previously *adjudicated* that prior to the seizure of the cocaine defendant had been subjected both to the unlawful seizure of certain of his property and to the unlawful seizure of his person without probable cause; the defendant had been placed in an unlawful arrest status. Moreover, it has already been judicially determined that the seizure of the cocaine resulted from and is inextricably linked to defendant's unlawful arrest. Thus, assuming arguendo defendant had lacked "standing" to contest the legality of the seizure, he nevertheless was subjected to an unlawful arrest which *resulted in* and tainted the seizure of the cocaine, and the *sanction* in such circumstances, as above discussed, is that of evidence suppression. *Lackey*, supra. Moreover, the sanction imposed for an unconstitutional arrest is separate and distinct from the sanction imposed for an unconstitutional search (see *Lackey*,

supra at 333), and mere failure to assert a *property interest* in the contraband or other property seized does not lessen a citizen's reasonable expectation of privacy of his *person* from unlawful detention or unlawful arrest by law enforcement authorities. Moreover, assuming arguendo, a denial of a property interest in the contraband could in some manner lessen the defendant's reasonable expectation of privacy of his person, "[d]enials of ownership may be considered as evidence of abandonment of a privacy interest only if they occur during a lawful detention. Any denials which occur during an illegal investigatory stop, or after a lawful detention becomes unlawful (for example, as is alleged here, after it develops into an arrest without probable cause) are tainted and cannot be considered." *United States v. Anderson*, 663 F2d 934, 939 (6) (9th Cir.). Accordingly, we find the cases relied upon by the State distinguishable, both factually and legally, from the case at bar.

The State's enumeration of error is without merit.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED NOVEMBER 5, 1991.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellant.

*Joseph A. Maccione*, for appellee.