A92A0597. CHANDLER v. THE STATE.
(419 SE2d 751)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of possession of cocaine with intent to distribute. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. Appellant moved for a new trial on the ground that he had been denied the benefit of effective trial counsel. A hearing was held, wherein appellant's trial counsel testified. After the hearing, the trial court denied appellant's motion and this ruling is enumerated as error.

Appellant urges that his trial counsel did not have adequate time to prepare and was ineffective because he did not move for a continuance on that ground. However, appellant's trial counsel specifically testified to the extent of his preparation for trial and was unable to suggest anything more that he would have done had he been given more time. Any trial counsel would naturally desire more time for preparation, but it obviously is not ineffective for counsel to fail to request a continuance for delay only.

Appellant further urges that his trial counsel was ineffective because a certain individual was not called as a witness for the defense. It appears, however, that appellant's trial counsel was not apprised of this potential defense witness. In any event, there is no contention that the individual would have given any testimony which was not merely cumulative of that given by the defense witnesses who were called by appellant's trial counsel. *Pilcher v. State,* 170 Ga. App. 869, 871 (4) (318 SE2d 640) (1984).

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. [Cit.] The trial court's finding in the instant case is not clearly erroneous." *Warren v. State,* 197 App. 23, 24 (1) (397 SE2d 484) (1990).

"Moreover, [appellant] fails to prove that these alleged deficiencies . . . prejudiced his defense. When a defendant asserts a claim of ineffective assistance, the test is whether there is a reasonable

probability the jury would have reached a different verdict, absent the error of counsel. [Cits.] [Appellant] fails to show that there is a reasonable probability that the jury would have found [him not guilty] but for the inadequate performance of his attorney." *Gross v. State,* 262 Ga. 232, 233 (416 SE2d 284) (1992).

2. Appellant's enumeration of the general grounds is without merit. Construed most favorably for the State, the evidence was sufficient to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. A purported violation by the trial court of the mandate of OCGA § 17-8-57 was not preserved for appellate review. *State v. Griffin,* 240 Ga. 470 (241 SE2d 230) (1978); *Turnbow v. State,* 153 Ga. App. 479 (1) (265 SE2d 832) (1980).

4. The trial court did not abuse its discretion in allowing a police officer to testify as an expert in the area of criminal distribution of cocaine. *Davis v. State,* 200 Ga. App. 44, 45 (2) (406 SE2d 555) (1991).

5. The trial court did not err in admitting into evidence appellant's prior conviction for possession of cocaine with intent to distribute. The facts surrounding appellant's commission of the prior offense were remarkably similar to those surrounding his alleged commission of the instant offense and proof of the former was relevant to establish his intent to commit the latter. *Hill v. State,* 176 Ga. App. 509, 510 (1, 2) (336 SE2d 276) (1985).

6. The trial court's refusal to give a requested charge relating to circumstantial evidence is enumerated as error.

"[W]here the [S]tate's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." *Robinson v. State,* 261 Ga. 698, 699 (410 SE2d 116) (1991). However, the State's case against appellant depends entirely upon *direct* evidence and in *no* part upon circumstantial evidence. "It is well established that a requested charge need not be given unless it embraces a correct and complete principle of law, [cit.], is not argumentative, [cit.], and is adjusted to the facts. [Cit.]" *Powell v. State,* 192 Ga. App. 688, 689 (2) (385 SE2d 772) (1989). Assuming that appellant's refused request was correct and complete and was not argumentative, it was not adjusted to the facts. "[W]hen a requested charge deals with a matter not in issue, it is not error for a trial court to deny the request. [Cit.]" *Jones v. State,* 171 Ga. App. 184, 187-188 (6a) (319 SE2d 18) (1984).

7. Because the instant conviction was appellant's second for possession of cocaine with intent to distribute, he was sentenced to life. OCGA § 16-13-30 (d). However, the trial court subsequently ordered the sentence reduced to 20 years "in exchange for [appellant's] waiv-

ing all rights to appeal. . . ." When, notwithstanding his agreement, appellant nevertheless pursued the instant appeal, the trial court vacated its sentence-reduction order. On appeal, appellant urges that the sentence-reduction order was erroneously vacated.

A trial court's authority to reduce a sentence subsequent to the imposition thereof derives from OCGA § 17-10-1 (a): Within "the term of court, or 60 days from the date on which the sentence was imposed by the judge, whichever time is greater, he shall have . . . [the] authority to suspend, probate, modify, or change the sentence of the defendant. . . ." By its terms, however, OCGA § 17-10-1 (a) does not apply in the case where, as here, a life sentence is statutorily mandated. *Moran v. State,* 170 Ga. App. 837, 842 (3) (318 SE2d 716) (1984). Accordingly, the trial court had no authority to reduce appellant's life sentence to 20 years and appellant has no cause for complaint that the trial court vacated the void sentence-reduction order. Moreover, appellant is himself responsible for the vacation of that void order. The express consideration therefor was the waiver of appellant's appeal, but appellant has nevertheless pursued and secured an appellate review on the merits. No reversible error having occurred, appellant must serve the life sentence that is statutorily mandated for his crime.

*Judgment affirmed. Sognier, C. J., and Pope, J., concur. Johnson, J., disqualified.*

DECIDED JUNE 8, 1992.

*Mark V. Clark,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, William C. Akins, Rebecca A. Keel, Assistant District Attorneys,* for appellee.

