## A93A0656. NORMAN v. THE STATE.
(432 SE2d 216)

BEASLEY, Presiding Judge.

Norman was convicted of possession of cocaine. OCGA § 16-13-30 (a). His motion for new trial was denied.

Two plain-clothes detectives were patrolling a high drug activity area in an unmarked car at about midnight, having received information that a drug shipment had arrived. They observed Norman and a female engaged in what looked to them like a drug transaction, in a vacant lot next to a house under surveillance in which drugs had previously been found. They approached and identified themselves as police officers, and Norman and others around him scattered. Norman fled and was apprehended when he tripped and fell as Detective Pierce chased him. Norman was recognized as the other detective's cousin. He was arrested, patted down for weapons, advised of his rights, and placed without handcuffs in the back seat of the unmarked car directly behind Pierce, who was driving, and alongside another individual who had previously been arrested. After Norman was placed in the car, Pierce noticed him reaching into his pocket and fidgeting with his sock. He suspected he was attempting to conceal something. Because of this suspicion, he kept looking back even though he was driving, and he noticed that Norman had dropped something on the floorboard. When they arrived at the station and removed the arrestees, Pierce reached into the rear floorboard, picked up a guitar pick and a piece of what was later proved to be crack cocaine, showed them to Norman, and asked whether they were what he had dropped. Norman admitted the guitar pick was his but denied any knowledge of the cocaine. Pierce testified that he had found these items together on the side of the rear seat occupied by Norman.

1. Norman contends the evidence was insufficient because the

only evidence was his presence in the car near where the cocaine was found. He argues that others, namely the other arrestee in the back seat with him, and narcotics officers and other suspects previously transported in the car, which was used routinely in narcotics undercover work, had equal access to the back seat of the car and could have left the contraband.

This argument is not supported by the record. Unlike *In the Interest of C. A. A.*, 187 Ga. App. 691 (371 SE2d 247) (1988), cited by Norman, ample evidence was adduced showing that others did not have equal access. Pierce testified that on that night, as was his usual practice before going on duty, he had "pull[ed] the back seat out, check[ed] it and [made] a visual inspection of the vehicle with the flashlight." The hands of the other arrestee in the back seat were cuffed behind his back.

Although the evidence against Norman was circumstantial, it excluded every other reasonable hypothesis save that of his guilt, as required by OCGA § 24-4-6. Questions as to reasonableness are for the jury, and this court will not disturb the jury's finding unless the verdict is insupportable as a matter of law. *Harris v. State*, 236 Ga. 242, 244-245 (1) (223 SE2d 643) (1976). The evidence is sufficient.

2. No request was made for charges on equal access and mere presence and, since such charges would not have been adjusted to the evidence for the reasons discussed in Division 1, failure to give them was not error. *Chandler v. State*, 204 Ga. App. 512, 513 (6) (419 SE2d 751) (1992).

3. Norman asserts that his trial counsel was ineffective. This claim is made for the first time on appeal. Norman retained new counsel after his conviction, and second counsel filed a motion for new trial which did not include the ineffectiveness issue. Second counsel also filed a notice of appeal. Subsequently, second counsel was permitted to withdraw and Norman hired yet a third counsel, who filed the enumerations of error and brief.

In appropriate cases, claims for ineffective assistance of counsel are remanded to the trial court for an evidentiary hearing. See *Johnson v. State*, 259 Ga. 428, 429-430 (3) (383 SE2d 115) (1989). In cases where such remand "would serve no useful purpose," *Brundage v. State*, 208 Ga. App. 58 (2) (430 SE2d 173) (1993), the ineffectiveness issue may be decided on the record by this court. Id. "However, in determining whether the claim should be remanded we must first decide whether the claim was raised 'at the earliest practicable moment.'" (Citations and punctuation omitted.) *Watts v. State*, 200 Ga. App. 54, 55 (1) (406 SE2d 562) (1991). If not, it is waived. *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991); *Thompson v. State*, 257 Ga. 386 (359 SE2d 664) (1987); *Dawson v. State*, 258 Ga. 380 (369 SE2d 897) (1988). We note that *White* was a habeas corpus case. Waiver is

strictly governed in such proceedings by OCGA § 9-14-48 (d); cause and actual prejudice must be shown to overcome it.

Second counsel represented Norman in ample time to have raised the ineffectiveness issue in the motion for new trial, and ordinarily failure to raise the claim under those circumstances would be deemed a waiver of the claim. See *Thompson*, supra at 388; *Watts*, supra. However, the circumstances in this case, including appellant's affirmative actions in pursuing the issue, preclude a waiver.

Second counsel agreed to represent Norman after the verdict and sentencing, represented him through the motion for new trial, and filed a notice of appeal. He then notified Norman that he did not believe there were grounds for appeal and sought to dismiss it. Norman notified this court that he disagreed with the dismissal and attached copies of his correspondence with second counsel, indicating, inter alia, that Norman particularly objected to second counsel's failure to raise the ineffectiveness issue. At Norman's request, we permitted a change of counsel. Current counsel, the third, raised it. These facts establish that Norman took steps in perhaps the only manner available to a lay person to see that the issue of ineffectiveness was raised at the earliest practicable moment. Post-conviction counsel whose professional judgment is that it would not be a valid claim cannot be expected to, and has no obligation to, raise it, just as "an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness, . . ." *White*, supra at 32. See generally *Sixayaketh v. State*, 261 Ga. 690, 691 (2) (410 SE2d 112) (1991) (appellant was pro se after trial and did not file a motion for new trial; earliest practicable moment to raise ineffectiveness claim was on appeal); *Parrish v. State*, 194 Ga. App. 760, 762 (4) (391 SE2d 797) (1990) (no evidence that "appellant or his appellate counsel authorized, were aware of or participated in" timely motion for new trial filed by trial counsel, the public defender, after new appellate counsel had filed timely notice of appeal; under these circumstances, no waiver of ineffectiveness claim).

Having determined that the claim has not been waived, we turn to its merits. *Strickland v. Washington*, 466 U. S. 668, 695-696 (104 SC 2052, 80 LE2d 674) (1984), set the standard for evaluating a claim of ineffectiveness of counsel. Its two-prong test was acknowledged and applied by the Georgia Supreme Court in *Smith v. Francis*, 253 Ga. 782, 784 (1) (325 SE2d 362) (1985): The defendant must show (1) that his attorney's representation was deficient; and (2) that the deficient representation prejudiced his defense, i.e., that a reasonable probability exists that but for the ineffective representation the result of the proceeding would have been different. Id. at 783. Both prongs must be proved. *Thompson v. State*, 191 Ga. App. 906 (1) (383 SE2d 339) (1989).

Norman's claim of ineffectiveness of his trial counsel rests on two

instances of alleged deficiency in representation. One is the failure to request charges on equal access and mere presence, which we have concluded were not adjusted to the evidence here and thus cannot form the basis of an ineffectiveness claim.

The other deficiency alleged is trial counsel's failure to file a motion to suppress the contraband. Norman argues that the circumstances parallel those in *Brown v. State*, 191 Ga. App. 779 (383 SE2d 170) (1989) and *DiSanti v. State*, 190 Ga. App. 331 (378 SE2d 729) (1989), where we ruled that although the officers involved had an articulable suspicion sufficient to warrant a brief, *Terry*-type stop, continued detention without any evidence of a crime was illegal and motions to suppress should have been granted.[1]

Like *Brown* and *DiSanti*, the initial stop was justified. The officers' observation of Norman engaged in what appeared to them as experienced narcotics detectives to be a drug transaction and Norman's flight when police officers approached and identified themselves, coupled with the time of day (midnight) and the location (an area known for drug sales) provided an articulable suspicion sufficient to warrant further investigation. Compare *Ruffin*, supra. Unlike *Brown* and *DiSanti*, supra, however, we are unable to say whether probable cause existed for Norman's arrest because that was not an issue below. The arrest was not challenged by way of a motion to suppress or by an objection at trial, so there was no development of its justification. Pierce's testimony establishes that he placed Norman under arrest before putting him in the back seat of the car. The evidence at trial does not identify the charge on which Pierce based an arrest at that point. The cocaine had not yet been found.

Both prongs of the *Strickland* test — whether counsel's performance was deficient and whether a reasonable probability exists that a different result would have been obtained but for the deficiency — depend on whether probable cause existed for the arrest. This court cannot decide the claim on the current record, as it could in *Brundage*, supra. The case is remanded to the trial court for an evidentiary hearing limited to whether counsel was deficient, and therefore ineffective, in failing to file a motion to suppress.

*Judgment affirmed in part and remanded with direction. McMurray, P. J., and Cooper, J., concur.*

---

[1] He also cites *Ruffin v. State*, 201 Ga. App. 792 (412 SE2d 850) (1991), but distinguishes it himself. In that case there was insufficient articulable suspicion to support the initial stop, but during the stop an outstanding warrant for the appellant's arrest was discovered, legitimizing the arrest.

DECIDED MAY 6, 1993 —
RECONSIDERATION DENIED JUNE 4, 1993.

*Garner, Reynolds & Pruitt, Michael D. Reynolds*, for appellant.
*Douglas C. Pullen, District Attorney, Kim B. Hoffman, J. Mark Shelnutt, Assistant District Attorneys*, for appellee.