## A94A1264. NORMAN v. THE STATE.
(448 SE2d 219)

BLACKBURN, Judge.

Appellant, Douglas R. Norman, previously appealed his conviction for possession of cocaine. In *Norman v. State*, 208 Ga. App. 830 (432 SE2d 216) (1993), we affirmed the conviction, but remanded with direction on the limited issue of whether Norman's trial counsel was ineffective in failing to file a motion to suppress. Norman now appeals the trial court's adverse ruling on remand that his trial counsel was not ineffective in this regard.

As set out in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), to prevail on an ineffective assistance of counsel claim, the defendant must show that " '(1) counsel's performance was deficient; and [that] (2) this deficiency prejudiced the defense (there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency).' " (Citations omitted.) *Ruffin v. State*, 201 Ga. App. 792 (2) (412 SE2d 850) (1991); accord *Norman*, supra. The burden is on Norman to make both showings, and this court can find lack of sufficient prejudice without deciding whether Norman's trial counsel's performance was deficient. See *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985).

In our original remand to the trial court, we stated: "[b]oth prongs of the *Strickland* test — whether counsel's performance was deficient and whether a reasonable probability exists that a different result would have been obtained but for the deficiency — depend on whether probable cause existed for [Norman's] arrest. This court cannot decide the claim on the current record. . . . The case is remanded to the trial court for an evidentiary hearing limited to whether counsel was deficient, and therefore ineffective, in failing to file a motion to suppress." *Norman*, 208 Ga. App. at 833.

On remand, the trial court held trial counsel was not ineffective finding there was probable cause supporting Norman's arrest and no grounds existed to grant a motion to suppress. We agree with the trial court's findings and affirm.

The general facts concerning this case are set out in our opinion in *Norman v. State*, 208 Ga. App. at 830. At the hearing on remand, the evidence also showed the following regarding Norman's arrest: while patrolling a high drug activity area around midnight, the arresting officers observed Norman and a female engaged in what appeared to them to be a drug transaction; when the plainclothes officers exited their vehicle and approached Norman, Norman and others around him ran; the officers identified themselves as police and gave chase; and Detective Pierce forcefully stopped Norman and after a brief struggle took him into custody.

At the hearing, Pierce specifically testified that during his pursuit of Norman he "yelled for him to stop several times," but Norman continued running. Pierce further testified that after catching Norman he specifically told him that he was under arrest for obstruction and loitering. Norman denies ever hearing Pierce identify himself and denies ever being told the reasons for his arrest.

"Probable cause need not be defined in relation to any one particular element, but may exist because of the totality of circumstances surrounding a transaction. Flight in connection with other circumstances may be sufficient probable cause to uphold a warrantless arrest or search. We conclude that in the context of the time of day and the location, [Norman's] flight from the officer provided probable cause for a belief that he was in possession of unlawful contraband." (Citations and punctuation omitted.) *State v. Billoups*, 191 Ga. App. 834, 835 (383 SE2d 198) (1989).

Additionally, "[a]n offense under OCGA § 16-10-24 (a) is committed by one who 'knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his duties.' A conviction must be supported by some evidence of *forcible resistance or opposition to the officer.* [Cit.] Such actions may take the form of . . . *flight from the officer after being ordered to halt.* [Cits.] Whether or not the evidence established that actions taken by the appellant hindered or obstructed the officer in making the arrest is for the [trier of fact] to decide. [Cit.]" (Emphasis supplied.) *Cason v. State*, 197 Ga. App. 308 (398 SE2d 292) (1990), overruled on other grounds sub nom. *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992).

In the case at bar, Norman's failure to stop running after Detective Pierce identified himself as a police officer and yelled stop several times and Norman's continued struggling with Pierce after he was detained provided the probable cause for his arrest for obstruction. The trial judge, as the trier of fact, obviously chose not to believe Norman's testimony that he did not hear Pierce identify himself as a police officer before giving chase. Such a disbelief was not clearly erroneous and we therefore must accept the trial court's finding. *Goodman v. State*, 210 Ga. App. 369, 371 (436 SE2d 85) (1993); *State v. Nichols*, 196 Ga. App. 709, 710 (397 SE2d 3) (1990).

As the evidence in the record clearly establishes that at the time he was taken into custody the police officers had probable cause to support Norman's arrest, there was no basis for a motion to suppress, and Norman has accordingly failed to make the required showings under *Strickland,* supra. Cf. *Ruffin v. State*, 201 Ga. App. at 793 ("When urging ineffective assistance of counsel on the basis of counsel's failure to file a motion to suppress, appellant must 'make a strong showing that if trial counsel had made a motion to suppress,

the damaging evidence would have been suppressed. (Cits.)' [Cit.]")

We reject Norman's argument that a motion to suppress should have been granted because Norman was neither booked nor formally charged for the obstruction offense. Whether a criminal suspect is formally charged with a crime, in and of itself, has no effect on whether there was probable cause to make an arrest for committing the crime. As discussed, supra, the record clearly establishes the police officers had probable cause at the time of Norman's arrest. Additionally, Detective Pierce testified Norman was not formally charged because he agreed to make a controlled drug purchase to assist the police in arresting another individual.

We decline to address Norman's additional arguments concerning the ineffectiveness of his trial counsel as these arguments were not properly raised and decided by the trial court. See *Gram Corp. v. Wilkinson*, 210 Ga. App. 680, 683 (437 SE2d 341) (1993); *O'Kelly v. State*, 210 Ga. App. 686, 687 (436 SE2d 760) (1993).

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 27, 1994 —
RECONSIDERATION DENIED AUGUST 15, 1994 —

*Michael D. Reynolds*, for appellant.

*Douglas C. Pullen, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney, Berry & Shelnutt, J. Mark Shelnutt*, for appellee.