A90A0282. SEBASTIAN v. THE STATE.
A90A0346. JACKSON v. THE STATE.
(393 SE2d 492)

POPE, Judge.

Defendants Sebastian and Jackson were tried jointly for offenses arising from the armed robbery of a convenience store. The jury was authorized to find that defendants entered a convenience store with another man, Glass, late in the evening on January 12, 1989. After Glass purchased a six-pack of beer, the three men went to the video games and magazine rack. Sebastian stepped outside to the phone booth. After the only other customer in the store left, Glass went to the counter, pointed a gun at the clerk and took the contents of the cash register. During the robbery, a customer entered and Glass took the customer's wallet at gunpoint and Glass and the defendants left together and went to a car parked across the street at a carwash and drove off. The next day, defendant Sebastian, accompanied by defendant Jackson, attempted to cash a $180 check taken from the customer in the robbery the night before and the two were arrested. Glass, who plead guilty and testified for the State, said that he and defendants planned the robbery together and split the proceeds. Both Sebastian and Jackson testified that they had asked Glass to go with them to the store to buy them beer because they were under age and they had no knowledge he was going to rob the store and took no part in it. The jury found both defendants guilty of one count of armed robbery and one count of forgery.

1. Appellant Sebastian argues that it was error to deny his motion to sever his trial from that of his co-defendant Jackson. We do

not agree. Applying the factors set out in *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975), we hold that the trial court did not abuse its discretion in denying the motion to sever. There were but two defendants, their defenses were not antagonistic (both admitted presence but denied knowledge of the armed robbery) and the evidence adduced at trial was generally admissible against both. Although Sebastian argues that there was a "spillover" effect similar to that found in *Price v. State*, 155 Ga. App. 844 (273 SE2d 225) (1980), the evidence in the present case against Sebastian was substantial, and not slight, as the court found in *Price*. Having examined the entire record, we find no error in refusing to sever.

2. Appellant Jackson, represented on appeal by new counsel, argues that his trial counsel was ineffective. After a hearing on the matter, the trial court denied the motion for new trial on all grounds asserted, including the challenge to counsel.

"To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies. [Cit.]" *Baggett v. State*, 257 Ga. 735 (363 SE2d 257) (1988). On appeal, new counsel argues that trial counsel did not request a *Jackson-Denno* hearing regarding a statement given to police, did not handle properly the introduction of the redacted (for *Bruton* purposes) statement and later, after Jackson took the stand, the full statement. He also argues that trial counsel did not object to the charge and that he did not spend sufficient time preparing the case or advising Jackson of the sentence he could receive if convicted.

However, at the hearing to determine whether trial counsel was ineffective, Jackson admitted that he knew of no witnesses or defenses that could have been presented but were not. Counsel on appeal has not demonstrated that the statement made by Jackson was inadmissible and we note that the trial court charged the jury fully on the issue of determining whether Jackson gave the statement freely and voluntarily. The evidence also shows that Jackson received the same sentence he was offered as part of a proposed plea bargain. The evidence most damaging to Jackson came from the testimony of the victims and an eyewitness as well as Glass, his co-conspirator. The jury resolved the conflict between Glass' version of events and Jackson's against Jackson. Trial counsel vigorously cross-examined witnesses and brought out evidence to support Jackson's theory that he was present but had no knowledge of and did not participate in the crimes. The alleged deficiencies would not have changed the outcome.

3. We find no merit in Jackson's second enumeration of error.

*Judgments affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1990.

*James B. McGinnis*, for appellant (case no. A90A0282).
*John D. McCord III*, for appellant (case no. A90A0346).
*Robert E. Wilson, District Attorney, Robert M. Coker, Robert E. Statham III, Assistant District Attorneys*, for appellee.