A92A0315. FROST v. THE STATE.
(420 SE2d 81)

COOPER, Judge.

Appellant appeals from his conviction of burglary, raising as his sole enumeration of error the insufficiency of the evidence to support the guilty verdict.

Shortly before midnight, a policeman responded to an alarm from a grocery store. Upon arriving at the store, the officer noticed that the glass in the front door was shattered out of the door frame. As the officer drove around the side of the store, he saw appellant about 20 or 30 feet from the front door of the store with a cardboard box in his hands. When appellant spotted the police car, he put the box down and ran from the scene. The officer chased appellant for several blocks and, after some resistance, subdued appellant. Appellant stated to the officer that he had not stolen anything and that he was not going back to jail. A second officer who arrived on the scene as

appellant was being apprehended stated that he also heard appellant make the statement that he had not stolen anything. The second officer recovered a cardboard box outside the store containing cold bottles and cans of beer and potato chips. Also, the second officer testified that as he observed appellant at the police station, he saw several small fragments of glass in his hair. The owner of the grocery store testified that when he entered the store after the break-in, it appeared to him that cold beer out of the cooler was missing. The owner also described the glass from the door as being scattered as far as ten feet. Appellant testified he was with friends a few blocks from the grocery store the night of the burglary; that he saw the police car; that he began walking to his brother's house because he was on parole and had to be in by midnight; that he saw a box but did not pick it up; that the police came upon him as he was walking to his brother's house; that his arm was in a cast that night; and that he did not break into the store.

" ' "[T]he jury determines the credibility of the witnesses and weight to be given their testimony. [Cits.]" [Cit.]' [Cits.]" *Lawrence v. State*, 198 Ga. App. 287, 290 (4) (401 SE2d 275) (1991). "Viewing the evidence in the light most favorable to the verdict, we find the evidence and all reasonable deductions are such as to enable a rational trier of fact to find the elements of the offense beyond a reasonable doubt, according to the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Randolph v. State*, 198 Ga. App. 291 (1) (401 SE2d 310) (1991).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 12, 1992.

*Billy Grantham*, for appellant.
*J. Brown Moseley, District Attorney, John L. Tracy, Assistant District Attorney*, for appellee.