## A93A0947. SUTTON v. THE STATE.
### (435 SE2d 748)

JOHNSON, Judge.

Charlie J. Sutton was convicted of aggravated assault, burglary and criminal trespass. He appeals his convictions and the denial of his motion for a new trial.

1. Sutton asserts that the trial court erred in denying his motion for a new trial in that the State's evidence was insufficient to support a conviction.[1] Viewing the evidence in the light most favorable to the jury's verdict, the incident occurred as follows. Sutton's estranged wife, Jackie Sutton, was visiting at the home of Betty Wilson. The two women were in the living room of the house. It was early on a summer night and the front door was open. Sutton appeared at the screen door and said he wanted to talk with Jackie. Ms. Sutton indicated that she did not wish to speak with him, and he left. According to Ms. Sutton's testimony, Sutton returned about ten minutes later, carrying a knife. He tore the screen door from its frame and charged at Ms. Sutton, who was attempting to use Ms. Wilson as a shield. Several pieces of furniture were upset and broken in the fracas. The women moved into the kitchen where Ms. Sutton picked up a knife from the table. Sutton then stabbed his wife, for the first time, in the side. Ms. Wilson broke loose and ran to get help from Ms. Sutton's grandmother who lived nearby. The struggle between the Suttons continued, moving back through the living room, out the front door, and into a hedge of plum bushes. Sweet Lee Strong, Ms. Sutton's grandmother, arrived at the scene carrying a gun. At that point, Ms. Sutton had been stabbed 15 times on her chest, sides and back. According to Ms. Strong's testimony, Sutton grabbed her, threatened her life and succeeded in wresting the gun from her. Ms. Strong stated that she believed that Sutton's hand had been cut when he was struggling with her over the gun. During this altercation, Ms. Sutton managed to get away and was subsequently taken to the hospital.

Sutton, testifying in his own defense, asserted that he had never been to Betty Wilson's house and that he had been attacked and cut by his wife as he attempted to go to his sister's house, and that he was acting in self-defense. He offered testimony regarding the stormy and sometimes violent nature of his relationship with Ms. Sutton. "The jury determines the credibility of the witnesses and weight to be

---

[1] We note that Sutton's original motion for a new trial, filed pro se, referred to his convictions on all counts and raised only an ineffective assistance of counsel ground. His amended motion for a new trial, notice of appeal and brief refer only to the conviction for aggravated assault and raise general sufficiency of the evidence grounds in addition to the ineffective assistance of counsel claim. Even though it appears that the issue of sufficiency of the evidence with respect to the burglary and criminal trespass counts has not been raised, we will evaluate the sufficiency of the evidence on those counts as well.

given their testimony." (Citations and punctuation omitted.) *Frost v. State*, 204 Ga. App. 581, 582 (420 SE2d 81) (1992).

After reviewing all of the evidence in the case, we find the evidence and all reasonable deductions therefrom sufficient to enable a rational trier of fact to find the elements of burglary, criminal trespass, and aggravated assault beyond a reasonable doubt in accordance with the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The trial court did not err in denying Sutton's motion for a new trial on this ground.

2. Sutton also claims that the trial court erred in denying his motion for a new trial because he was denied effective assistance of counsel. Specifically, Sutton complains that trial counsel failed to pursue the defense of justification and failed to locate witnesses who could testify regarding the violent temperament of the victim and nature of their relationship. The decision not to pursue the defense of justification is one of trial strategy with which we will not generally interfere. " 'Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate.' [Cit.]" *Lee v. State*, 199 Ga. App. 246, 247 (3) (404 SE2d 598) (1991). In light of the severity of the injuries sustained by the victim, asserting a defense of justification might well have been more harmful than helpful.

" 'The determination as to which defense witnesses will be called is a matter of trial strategy and tactics.' [Cits.]" *Cauley v. State*, 203 Ga. App. 299, 301 (2) (416 SE2d 575) (1992). Sutton testified at length about his relationship with the victim and the criminal charges pending against the victim. There is no contention that the witnesses suggested by Sutton would have given any testimony which was not cumulative. See *Pilcher v. State*, 170 Ga. App. 869, 871 (4) (318 SE2d 640) (1984). Further there was rebuttal testimony from the chief of police indicating that Sutton had refused to cooperate with police in prosecuting the charges which Sutton had made against his wife. "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. . . . Moreover, [Sutton] fails to prove that these alleged deficiencies prejudiced his defense. When a defendant asserts a claim of ineffective assistance, the test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. [Sutton] fails to show that there is a reasonable probability that the jury would have found him not guilty but for the inadequate performance of his attorney." (Citations and punctuation omitted.)

*Chandler v. State*, 204 Ga. App. 512 (419 SE2d 751) (1992). The trial court's conclusion that Sutton had not been denied effective assistance of counsel is not clearly erroneous and therefore its determination will not be disturbed on appeal.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 13, 1993.

*Jon L. Coogle*, for appellant.

*John R. Parks*, District Attorney, *Barbara A. Becraft*, Assistant District Attorney, for appellee.