## A96A2443. HUBBARD v. THE STATE.
(481 SE2d 601)

SMITH, Judge.

Donald Robert Hubbard appeals from his convictions for child molestation, OCGA § 16-6-4 (a), and aggravated child molestation, OCGA § 16-6-4 (c). Evidence showed Hubbard fondled and orally sodomized the 11-year-old victim. The only issue before this Court is Hubbard's claim that his trial counsel was ineffective because she failed to move for a *Jackson-Denno* hearing on the admissibility of

Hubbard's confession to police.[1] The trial court denied Hubbard's motion for new trial based on that claim, and we affirm.

To prove an ineffective assistance of counsel claim, a defendant must show his trial attorney's performance was deficient and also "must show there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors. [Cits.]" *Brogdon v. State*, 255 Ga. 64, 68 (3) (335 SE2d 383) (1985). In this case, the trial court found Hubbard did not prove that his attorney's failure to request the *Jackson-Denno* hearing prejudiced the defense. We review that ruling to determine whether it was clearly erroneous. *Powell v. State*, 210 Ga. App. 409, 414 (6) (c) (437 SE2d 598) (1993).

Although the trial court held no *Jackson-Denno* hearing, it did require the State to lay a foundation before admitting Hubbard's confession. The officer who arrested Hubbard at his home stated Hubbard appeared to have been asleep. He took Hubbard to the police station and, over an hour later, administered *Miranda* warnings to him. Hubbard confirmed he understood his rights and signed a form listing those rights and indicating his waiver of them. The officer, who had experience in DUI cases, testified Hubbard smelled of alcohol but followed directions without difficulty and exhibited no signs of intoxication. Although Hubbard's testimony appears to contradict the officer, the trial judge was authorized to accept the officer's testimony and resolve this credibility issue against Hubbard. *Marks v. State*, 210 Ga. App. 281, 283 (2) (435 SE2d 703) (1993). The trial court fully charged the jury on the State's burden to show the statement was made knowingly and voluntarily.

The trial court's ruling was not erroneous. Evidence was presented showing Hubbard fully understood his constitutional rights and voluntarily waived them. See *Simmons v. State*, 266 Ga. 223, 226 (3) (466 SE2d 205) (1996) (statement voluntarily made even though defendant had been drinking); *Shelby v. State*, 265 Ga. 118, 119 (2) (453 SE2d 21) (1995) (statement voluntarily made despite defendant's blood alcohol content of .24 percent). "Counsel on appeal has not demonstrated that the statement made by [Hubbard] was inadmissible and we note that the trial court charged the jury fully on the issue of determining whether [Hubbard] gave the statement freely and voluntarily. . . . The alleged deficiencies would not have changed the outcome." *Sebastian v. State*, 195 Ga. App. 346, 347 (2) (393 SE2d 492) (1990). See also *Brogdon*, supra.

---

[1] Previous appeals of this case were dismissed. *Hubbard v. State*, 208 Ga. App. 719 (431 SE2d 479) (1993); *Hubbard v. State*, 212 Ga. App. XXVIII (1994). Hubbard filed a successful habeas corpus petition, was granted an out-of-time appeal, and was allowed to pursue the issue of ineffective assistance in a motion for new trial.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 12, 1997.

*James R. Crawford*, for appellant.
*James R. Osborne, District Attorney, Donald N. Wilson, Assistant District Attorney*, for appellee.