## A97A0375. POLK v. THE STATE.
(483 SE2d 687)

JOHNSON, Judge.

A jury found Brooks Douglas Polk guilty of aggravated child molestation after hearing evidence that he performed oral sex on an 11-year-old girl. He appeals the judgment entered on the jury's verdict and the denial of his motion for new trial.

Viewing the evidence in the light most favorable to upholding the jury's verdict, the testimony at trial is as follows. The victim testified that a man she knew as Butch, but identified as Polk at trial, asked her if he could perform oral sex on her. When she refused, he persisted and offered her money. He then pulled her panties down and put his mouth on her vagina. The victim's 18-year-old cousin, who was in the apartment when the incident occurred, testified that he saw Polk on his knees and the victim lying on the edge of a bed. Although the cousin testified that he did not actually see physical contact, Polk's head was approximately three inches away from the victim's genitalia.

1. Polk argues that he was denied effective assistance of counsel at trial. In support of his argument, Polk points to 32 specific instances of purported ineffectiveness. For purposes of this opinion, we have grouped these allegations into four categories: (1) Defense counsel's references to Polk's prior convictions and lifestyle; (2) failure of counsel to object at various points during the trial; (3) inadequate preparation for trial; and (4) prejudicial procedural errors at trial. "To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies." (Citations and punctuation omitted.) *Sebastian v. State*, 195 Ga. App. 346, 347 (2) (393 SE2d 492) (1990).

(a) In explaining his defense strategy, trial counsel testified at the motion for new trial hearing that in light of the nature of the case and the evidence, he believed Polk should testify in his own defense and deny the charges. He and Polk discussed the risk of his criminal history being introduced into evidence and made the tactical decision to preempt and defuse the possibility of such disclosure by arguing that while Polk may be a criminal and a thief, he does not victimize children. At trial, counsel asked Polk if he had ever sold drugs to children. Appellate counsel suggests this question is illustrative of ineffective assistance, but we find it consistent with counsel's defense strategy. While Polk's present counsel takes exception to this strategy, "[a] decision on whether or not to place a defendant's character

in issue is a matter of trial tactics and does not equate with ineffective assistance of counsel." *Lowery v. State*, 212 Ga. App. 870, 872 (443 SE2d 304) (1994). This Court has often reiterated the principle that "[e]ffectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate." (Citations and punctuation omitted.) *Sutton v. State*, 210 Ga. App. 247, 248 (2) (435 SE2d 748) (1993).

In light of an order from the trial court authorizing a correction in the trial transcript, there is no merit to Polk's argument that trial counsel was ineffective because he admitted he was guilty of this offense during his closing argument.

(b) Defense counsel did not object during the state's closing statement when, while arguing the burden of proof, the prosecutor stated: "so beyond a reasonable doubt, as you will be charged, is that the state does not have to prove guilt beyond a reasonable doubt, all doubt or to a mathematical certainty." The court instructed the jury in its initial charge that the state must prove the defendant guilty beyond a reasonable doubt, that closing argument was not evidence, and that the law to be applied to the facts of the case would come to them from the court. The court also instructed the jury repeatedly on the correct burden of proof after the state's closing argument and again reminded the jury that closing arguments are not evidence. The prosecutor's remark, though unfortunate, was no more than a slip of the tongue. In *Rodriguez v. State*, 211 Ga. App. 256 (439 SE2d 510) (1993), the judge made a misstatement while recharging the jury. In reviewing the effect of that misstatement, we held that "[a] mere verbal inaccuracy in a charge, resulting from a palpable slip of the tongue, which clearly did not mislead or confuse the jury is not cause for a new trial." (Citations and punctuation omitted.) Id. at 258 (3). Here, we find it unlikely that the jury was misled or confused by the prosecutor's mistake, particularly since the jury was instructed to apply the law as correctly, and repeatedly, given by the court. Counsel's failure to object to the remark was not prejudicial to Polk's case. With benefit of hindsight, Polk asserts that counsel was ineffective for failing to object during the state's opening statement to references to evidence which ultimately was not introduced at trial. Clearly there was no basis at the time for such an objection, and counsel was not ineffective in failing to raise it. Likewise, we have reviewed the remaining instances purporting to show that counsel was ineffective for failing to object to testimony and find them to be without merit.

(c) Polk asserts that trial counsel inadequately prepared for trial

because he failed to interview his girl friend who could provide an alibi defense and to subpoena a witness who Polk believed would give testimony beneficial to his defense. Trial counsel testified at the hearing on the motion for new trial that he rejected Polk's suggestion of presenting an alibi defense. Polk told counsel that his girl friend would testify that they had been smoking crack at the time of the incident. "The decision not to pursue the defense of [alibi] is one of trial strategy with which we will not generally interfere. Trial strategy and tactics do not equate with ineffective assistance of counsel." (Citations and punctuation omitted.) *Sutton*, supra at 248 (2). Likewise, counsel's decision not to subpoena a witness who Polk suggested would testify that the victim had engaged in sex earlier that day was tactical and based on counsel's opinion that such evidence would likely not be admissible. Tactical decisions of counsel do not equate with ineffectiveness. Further, Polk has failed to show with specificity how these decisions, or any of the other instances cited purporting to show trial counsel's alleged inadequate preparation for trial, prejudiced his defense. It is not sufficient only to allege that trial counsel's performance was deficient, Polk must also show how that deficiency prejudiced his defense. See *Sebastian*, supra.

(d) Polk asserts that trial counsel was ineffective because he failed to request a continuance and did not ask for recordation of voir dire for preservation of a possible *Batson* challenge. Counsel testified at the hearing on the motion for new trial that he saw no reason for a continuance. This Court has held that "it obviously is not ineffective for counsel to fail to request a continuance for delay only." *Chandler v. State*, 204 Ga. App. 512 (1) (419 SE2d 751) (1992). Counsel also testified that he did not believe, based on the racial constitution of the jury pool, that a viable challenge based on *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), could be made. Polk has failed to establish either that a *Batson* violation occurred, or that, but for the failure of counsel to request recordation of voir dire, a new trial would be required on this ground. See *Peavy v. State*, 262 Ga. 782 (2) (425 SE2d 654) (1993). Counsel's decision not to request recordation of voir dire or to request a continuance did not constitute ineffective assistance.

Citing federal cases from the Ninth Circuit and a district court in Missouri, Polk argues that all of the alleged errors of trial counsel should be considered cumulatively and result in a finding that trial counsel was ineffective. We disagree. "This state does not follow a cumulative error rule of prejudice. Any error of record must stand or fall upon its own merits and is not aided or aggravated by the accumulative effect of other claims of error." (Citations and punctuation omitted.) *Baugher v. State*, 212 Ga. App. 7, 11 (3) (440 SE2d 768) (1994).

A trial court's finding that a defendant has been afforded effective assistance of counsel at trial will be upheld unless it is clearly erroneous. *Moody v. State*, 206 Ga. App. 387, 390 (1) (e) (425 SE2d 397) (1992). After reviewing the record in this case, we conclude that no clear error has been shown warranting reversal of the trial court's denial of Polk's motion for new trial based on ineffective assistance of counsel.

2. Having concluded in Division 1 above that the trial court did not err in denying Polk's motion for new trial based on ineffective assistance of counsel, we need not reach his argument that counsel's representation resulted in a trial which was so essentially unfair as to deny him his right to due process as guaranteed by the U. S. and Georgia Constitutions.

*Judgment affirmed. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 6, 1997 — 

*Ruth P. Marks*, for appellant.

*Thomas J. Charron, District Attorney, Frank R. Cox, Debra H. Bernes, Nancy I. Jordan, Shannon L. Goessling, Assistant District Attorneys*, for appellee.

