A98A2169. DAY v. THE STATE.
(510 SE2d 579)

BEASLEY, Judge.

Lorenzo Day appeals his convictions of criminal attempt to possess cocaine (OCGA §§ 16-13-30; 16-13-33) and operating a motor vehicle while his license was suspended (OCGA § 40-5-121). He

claims the evidence was insufficient to support the verdicts and that the only evidence supporting the conviction for driving with a suspended license was hearsay.

1. " 'On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. An appellate court determines only the legal sufficiency of the evidence adduced below and does not weigh the evidence or assess the credibility of the witnesses.' "[1]

The evidence showed that Officer Williams of the Columbus Police Department participated in a reverse sting operation whereby officers posed as drug dealers in a high drug area and waited for people to approach to attempt to buy narcotics or illegal drugs. At about 2:00 p.m. with good lighting, Day drove near the officer with a passenger. In response to Williams' question to tell him what they needed, Day said he needed ten dollars of crack cocaine. Williams handed Day a piece of imitation substance and Day gave him ten dollars and drove away. Officer Williams identified Day in court as the purchaser.

Day's attack on the State's evidence is the absence of a supposed videotape and audiotape of the transaction, the lack of fingerprint detection on the alleged ten dollar bill, and the absence of the imitation cocaine. None of these is essential. The testimony of an officer who is a direct witness to the transaction and positively identifies the defendant is sufficient evidence. "[A]fter viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2]

2. The State concedes, as confirmed by the record, that the only evidence Day was driving without a license was hearsay from one of the officers. All the officer had was the police report of the incident, which indicated that someone ran a computer check that day. This, being hearsay, is inadmissible in that it is not covered by an exception and is not otherwise admissible as necessary and demonstrably trustworthy. OCGA § 24-3-1. In Georgia, " 'hearsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing a fact.' *Higgins v. Trentham*, 186 Ga. 264 (1) (197 SE 862) (1938)."[3] We are not at liberty to overrule the established line of authority for this rule, to which the Supreme Court of

---

[1] (Citations omitted.) *Hight v. State*, 221 Ga. App. 574, 575 (1) (472 SE2d 113) (1996).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *White Missionary Baptist Church v. Trustees of First Baptist Church &c.*, 268 Ga. 668, 669 (1) (492 SE2d 661) (1997). See Paul S. Milich, Georgia Rules and Evidence, § 16.7 (1995).

Georgia adheres. Ga. Const. 1983, Art. VI, Sec. V, Par. III. The conviction of driving with a suspended license is reversed.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 15, 1998.

*Meacham & Earley, Michael S. Phillips*, for appellant.
*J. Gray Conger, District Attorney, Samuel G. Merritt, Assistant District Attorney*, for appellee.