## A00A2574. DIXON v. THE STATE.
(541 SE2d 456)

MILLER, Judge.

A jury found Savickelly Dixon guilty of burglary and misdemeanor obstruction of an officer. In his sole enumeration of error, Dixon challenges the sufficiency of the evidence.

When reviewing a conviction for the sufficiency of the evidence, we determine whether, based on the evidence presented, a rational trier of fact could have found the defendant guilty of the charged offense beyond a reasonable doubt.[1] The credibility of witnesses and the weight to be given their testimony are for the jury's determination.[2]

Viewed in the light most favorable to the jury's verdict, the evidence showed that around 11:00 p.m., a Cox Communications employee working a late shift heard repeated noises and finally a loud bang coming from the basement of the building. Upon investigating, the employee discovered that a large metal door to a storage area was pried open and that the padlock was broken and on the ground. The employee called 911 and waited outside the building for officers to arrive. While he was waiting, the employee noticed a man in the bushes who twice stood up, looked at the employee, and squatted back down. The man stood up once again and ran toward the rear of the building. Once officers arrived, the employee advised them of the direction in which the man ran. The employee followed the officers around to the rear of the building where he again heard noises from another set of bushes, when the man once again came through the bushes running. The employee testified that this was the same man he had seen in the bushes earlier and whom he identified as Dixon.

The officers gave chase and ordered Dixon to stop. Dixon then swung a lug wrench that he was carrying at one of the officers. He was finally apprehended when one of the officers tackled him.

The Cox employee stated that the marks on the metal door looked as if they were made with the wrench that Dixon swung at one of the officers. A battery charger and fax machine were found in the bushes where Dixon was hiding. The fax machine was marked as property of Cox Communications. After Dixon was apprehended, one of the officers found a remote control from Cox Communications in Dixon's front pocket and noticed that he was wearing gloves (in the month of May).

Dixon testified that he was walking down the street when one police car and then another pulled up beside him. He stated that the

---

[1] Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] Sutton v. State, 210 Ga. App. 247-248 (1) (435 SE2d 748) (1993).

officers questioned him and told him that they were "going to have to take [him] down. . . ." Dixon further testified that one of the officers hit him over the head with a flashlight and that he was taken into custody. He claimed that at no time was he on Cox Communications' property.

1. OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Here, evidence of Dixon's failure to halt when officers ordered him to do so,[3] and his swinging a lug wrench at an officer, sufficed to sustain his conviction for obstruction.

2. Dixon argues that there was insufficient evidence that he broke into Cox's building, or that he was in possession of the items found in the bushes after his apprehension. Under OCGA § 16-7-1 (a), "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building. . . ." Evidence that Dixon (1) fled from officers, (2) carried a wrench that was consistent with the recent pry marks on the door, (3) was wearing gloves in May when apprehended, (4) was carrying a remote control belonging to Cox, (5) was in close proximity to the pried-open door, and (6) was seen in the same place where the fax machine and battery charger were found was sufficient to establish that Dixon entered the basement of the building, without authority, to commit a theft.[4]

The jury, in assessing the weight of evidence against Dixon and his credibility, chose not to believe Dixon's testimony. And we find the evidence sufficient to enable any rational trier of fact to find Dixon guilty of both burglary and obstruction beyond a reasonable doubt.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 6, 2000.

*Mike L. Randolph*, for appellant.

---

[3] *Russell v. State*, 243 Ga. App. 378, 382 (4) (532 SE2d 137) (2000); see *Weidmann v. State*, 222 Ga. App. 796, 797 (2) (476 SE2d 18) (1996) (flight from police apprehension is sufficient opposition to support an obstruction charge).

[4] See *Davis v. State*, 203 Ga. App. 227, 228 (2) (416 SE2d 771) (1992); see also *Towns v. State*, 185 Ga. App. 545, 546 (365 SE2d 137) (1988) (evidence in toto, including tool found outside building that was consistent with pry marks, was sufficient to sustain burglary conviction).

*Charles H. Weston, District Attorney, Robert J. Lasseter, Howard Z. Simms, Assistant District Attorneys*, for appellee.