A04A0403. JAMES v. THE STATE.
(595 SE2d 364)

MILLER, Judge.

Jesse James was convicted of armed robbery and other crimes related to a car-jacking incident. He appeals, arguing that the trial court erred in denying his motion for mistrial that was based on the prosecutor's closing argument that "Jesse James lived up to his name." We hold that the prosecutor's argument was permissible and that in any case the court cured any possible prejudice through a curative instruction. James also argues that the evidence did not suffice to sustain his convictions for driving without a license and for feloniously fleeing or attempting to elude an officer, with which argument the State agrees. We also agree and reverse these two convictions. We affirm the remaining convictions.

Construed in favor of the verdict, the evidence showed that James confronted a victim who was sitting in a car in a parking lot and demanded the victim's car by threatening the victim with a gun. The victim relented, and James drove off in the vehicle, picking up two compatriots who were waiting down the street. Police chased and pulled over the stolen vehicle. James fled on foot, but police quickly chased him down. The victim positively identified James as the gunman. In the car, police found a handgun under the driver's seat.

James was indicted on seven counts (armed robbery, aggravated assault, possession of a firearm by a convicted felon, fleeing or attempting to elude — felony, hijacking a motor vehicle, driving without a license, and possession of a firearm during commission of a felony). The court dismissed the possession of a firearm by a convicted felon count, and a jury trial ensued, during which the State in its closing argument stated that "Jesse James lived up to his name." James objected and moved for a mistrial. The court sustained the objection but denied the motion, instructing the jury that the reference was improper and to disregard such. James renewed his motion for mistrial, which was denied. The jury found James guilty on the remaining counts.

The court merged the armed robbery and aggravated assault counts and sentenced James to twenty years on the armed robbery count, five years (to run concurrently) on the fleeing or attempting to elude felony count, twenty years (to run concurrently) on the hijacking count, twelve months (to run concurrently under OCGA § 17-10-10 (a)) on the driving without a license count, and five years (to run consecutively to all previous counts) on the possession of a firearm during the commission of a felony count. James's subsequent motion for new trial was denied. James appeals, claiming that the court erred in denying his motion for mistrial and also claiming that the evidence was insufficient to establish the two traffic offenses.

1. "The trial judge in passing upon a motion for mistrial on account of alleged improper argument is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused." (Citation and punctuation omitted.) *Edwards v. State*, 219 Ga. App. 239, 243 (2) (d) (464 SE2d 851) (1995); see OCGA § 17-8-75. Applying this standard of review, we hold for at least two reasons that the trial court here did not abuse its discretion in denying James's motion for mistrial and that even if the court did err, the error was not reversible.

(a) *Remark was permissible.* First, the State's closing argument remark was permissible.

Counsel enjoys very wide latitude in closing arguments, and may make use of well-known historical facts and illustra-

tions, so long as he does not make extrinsic or prejudicial statements that have no basis in the evidence. . . . Counsel's illustrations during closing argument may be as various as are the resources of his genius; his argumentation as full and profound as his learning can make it; and he may, if he will, give play to his wit, or wing to his imagination.

(Punctuation and footnotes omitted.) *Head v. State*, 276 Ga. 131, 135 (6) (575 SE2d 883) (2003). Accordingly, in giving play to his wit or wing to his imagination, counsel may analogize the defendant to another well-known defendant "if the analogy is supported by facts in evidence. [Cit.]" *Carr v. State*, 267 Ga. 547, 555 (7) (a) (480 SE2d 583) (1997). Based on this principle, the Supreme Court of Georgia has held that analogies comparing the defendant to Richard Jewell (*Head*, supra, 276 Ga. at 135-136 (6)), the Menendez brothers (*Carr*, supra, 267 Ga. at 555 (7) (a)), Jim Jones (*Robinson v. State*, 257 Ga. 194, 196 (4) (357 SE2d 74) (1987)), the Nazis (*Forehand v. State*, 235 Ga. 295 (1) (219 SE2d 378) (1975)), the Viet Cong (*Martin v. State*, 223 Ga. 649, 650-651 (2) (157 SE2d 458) (1967)), and well-known murderers such as Charles Manson, David Berkowitz, and Jeffrey Dahmer (*Hudson v. State*, 273 Ga. 124, 127-128 (5) (538 SE2d 751) (2000)), were permissible where an evidentiary basis for the respective comparison was in the record. See *Hunt v. State*, 180 Ga. App. 103, 106-107 (3) (348 SE2d 467) (1986).

Here the evidence showed James committed an armed robbery and sought to elude police. Thus, analogizing him to the well-known armed robber figure of Jesse James, who eluded police for years, was a permissible inference from the evidence, and the trial court did not abuse its discretion in denying a motion for mistrial based on this analogy. See *Hunt*, supra, 180 Ga. App. at 107 (3).

(b) *Court gave curative instruction.* Second, even if the analogy had been impermissible, the court immediately sustained the objection and instructed the jury to disregard the improper reference. "Thus, reversible error did not result from the refusal to grant a mistrial due to those statements." (Footnote omitted.) *Wyatt v. State*, 267 Ga. 860, 865 (2) (b) (485 SE2d 470) (1997); see *Darden v. State*, 212 Ga. App. 345, 346-347 (2) (441 SE2d 816) (1994); see generally OCGA § 17-8-75.

(c) *Overwhelming evidence precludes reversal.* Finally, even if the analogy had been impermissible and if the court's curative instruction had been insufficient, such was not reversible error. Considering the overwhelming evidence of James's guilt, which included eyewitness testimony and his own testimony that he was in the car, "it is highly unlikely that this single portion of the closing argument con-

tributed to the guilty verdict." (Footnote omitted.) *Wyatt*, supra, 267 Ga. at 865 (2) (b).

For these three independent reasons, the trial court committed no reversible error in denying James's motion for mistrial.

2. James challenges the sufficiency of the evidence on the driving without a license conviction, arguing that the only evidence of such was hearsay testimony by an officer about the results of someone running a computer check. As conceded by the State, this evidence was without probative value and was insufficient to sustain the conviction. See *Day v. State*, 235 Ga. App. 771, 772-773 (2) (510 SE2d 579) (1998). Accordingly, we reverse the driving without a license conviction. See id. at 773 (2).

3. James also challenges the sufficiency of the evidence on the fleeing or attempting to elude (felony) count, which charged that James struck or collided with another vehicle in his driving attempts to elude police. An essential element of a felony conviction for this crime as pled was the striking of or colliding with another vehicle. See OCGA § 40-6-395 (b) (5) (A). As the State concedes, no evidence supported this element of the crime. Accordingly, we also reverse the fleeing or attempting to elude conviction.

The remaining convictions (armed robbery, hijacking a vehicle, and possession of a firearm during the commission of a felony) are affirmed.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 18, 2004.

*Steven E. Phillips*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.