## A06A1496. CARSWELL-DANSO v. THE STATE.

(636 SE2d 735)

SMITH, Presiding Judge.

A jury found Aiysha Carswell-Danso guilty on one count each of kidnapping, armed robbery, robbery, aggravated assault, and possession of a firearm during the commission of a crime. Raising several enumerations of error, Carswell-Danso appeals. We find no error and affirm.

The evidence reveals that Carswell-Danso and Eriette Roach approached the victim in the parking lot of a restaurant. Carswell-Danso pointed a gun at the victim, told him that they wanted money, and ordered him back into his car. The two women forced the victim to drive to a motel next to the restaurant where the three entered a motel room. Carswell-Danso removed the victim's shirt and ordered him to remove his pants. After removing a credit card and ATM card from his wallet, the women asked the victim for the personal identification numbers for the respective cards. When the victim told them he did not know those numbers, Roach hit him in the face and stabbed him in the neck with a knife. The victim then gave the women the PIN for the ATM card, and Carswell-Danso left and returned 15 minutes later with $100. When the victim told the women he did not know the PIN for the credit card, they ordered him to put on his clothes. They then returned to the victim's car where Roach ordered the victim into the trunk.

The two women drove around with the victim in the trunk for several hours. When the vehicle stopped, the victim escaped from the trunk and attempted to run. Roach caught him and told him to walk around to the back of a house. As the victim walked, Roach hit him on the head with a brick and demanded the PIN for the credit card. When he again told her he did not know the PIN, Roach hit him twice more on the head with the brick before leaving the scene.

Both women were subsequently arrested. Carswell-Danso gave police a statement the night of her arrest. In it, she claimed that the victim had approached her and Roach for sex, and she blamed Roach for the crimes against the victim.

1. Carswell-Danso first argues that the court erred in finding her custodial statement was freely and voluntarily given.

> In ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. Unless clearly erroneous, a trial court's findings as to

factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal.

(Citations and punctuation omitted.) *Escutia v. State*, 277 Ga. 400, 401-402 (1) (589 SE2d 66) (2003).

At the *Jackson-Denno* hearing, Carswell-Danso testified that her statement to police was not voluntary because just prior to her arrest she had been awake for more than 24 hours, had smoked half an ounce of marijuana, and had consumed 44 ounces of alcohol. She also testified that the interrogating officers refused to allow her to take medication for her bipolar disorder, promised her she could go home if she made a statement, and told her that if she refused she "would be charged with everything." Carswell-Danso contends that the combination of these factors made her statement involuntary.

The interrogating officers testified that Carswell-Danso was advised of her *Miranda* rights before giving the statement and that she signed a form waiving those rights and verifying that no threats or promises were made to induce her to make the statement. The officers testified further that Carswell-Danso was coherent during her interrogation and did not appear to be under the influence of alcohol or drugs.

Although Carswell-Danso's testimony contradicted the officers' statements, the trial judge was authorized to accept the officers' testimony and resolve this credibility issue against Carswell-Danso. See *Hubbard v. State*, 224 Ga. App. 614, 615 (481 SE2d 601) (1997). Because there was evidence to support the trial court's determination regarding the voluntariness of the statement, that ruling was not clearly erroneous. See *Simmons v. State*, 266 Ga. 223, 226 (3) (466 SE2d 205) (1996).

2. Carswell-Danso next argues that the trial court erred in allowing the victim to testify that Roach assaulted him with a brick. She contends that she did not participate in the assault and that such evidence was "more prejudicial than probative and should not have been presented to the jury." Carswell-Danso did not object to this testimony at trial, however, and has therefore waived appellate review. See *Rogers v. State*, 247 Ga. App. 219, 226 (9) (543 SE2d 81) (2000).

3. Carswell-Danso contends that the trial court erred in instructing the jury on "party to a crime" because she was not indicted for that offense. It is well settled, however, that a jury charge on "party to a crime" may be given even though a defendant was not indicted under that theory. *Mangum v. State*, 274 Ga. 573, 578 (3) (d) (555 SE2d 451) (2001); see *Monteagudo v. State*, 247 Ga. App. 801, 803 (1) (545 SE2d

351) (2001) (defendant's presence, companionship, and conduct before and after offense are circumstances from which his participation in the criminal intent may be inferred).

4. Carswell-Danso argues that the trial court erred in denying her motion for mistrial following the State's reference to prison in closing argument. "The trial judge in passing upon a motion for mistrial on account of alleged improper argument is vested with a broad and sound discretion, and his ruling will not be controlled by this court unless manifestly abused." (Citations and punctuation omitted.) *James v. State*, 265 Ga. App. 689, 690 (1) (595 SE2d 364) (2004).

During closing argument, the prosecutor commented that "[Carswell-Danso] doesn't want to be found guilty, [and] she doesn't want to go to prison." Even assuming without deciding that this statement was improper, the court's prompt curative instruction — requesting the jury to disregard any reference to prison and not to be concerned with punishment — was sufficient to prevent any possible prejudicial effect. See *McPherson v. State*, 274 Ga. 444, 451 (11) (553 SE2d 569) (2001).

5. Finally, Carswell-Danso contends that her trial counsel was ineffective in failing to subpoena the victim's bank records to show that the victim had a balance of more than $100 in his bank account. This evidence, she argues, would have supported her claim that the victim gave her his bank card for her to withdraw $100 to pay for sex and that, had she intended to rob the victim, she would have withdrawn more money from the ATM. To establish ineffective assistance, Carswell-Danso must show that trial counsel's performance was deficient and that such deficiency so prejudiced her defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "Furthermore, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Citations and punctuation omitted.) *Turner v. State*, 246 Ga. App. 49, 56 (6) (539 SE2d 553) (2000).

As stated in the trial court's order denying her motion for new trial, Carswell-Danso did not request a hearing on the motion for new trial and did not submit an affidavit from her trial counsel. She therefore has "made no affirmative showing that the purported deficiencies in [her] trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy." (Citations omitted.) *Turner*, supra at 56. The trial court did not err in finding that Carswell-Danso received effective assistance of counsel.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 15, 2006.

*Novy, James & Vaughan, Deborah M. Vaughan*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.